<u>**NOT FOR PUBLICATION**</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BANKS, et al., | : |
| Plaintiffs, | : Civil Action No. 15-654 (ES) (MAH) |
| v. | : OPINION & ORDER |
| NEW YORK POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

**SALAS, DISTRICT JUDGE**

Plaintiffs Frederick Banks and Kenneth Posner ("Plaintiffs") have filed a complaint and application to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. (D.E. No. 1). Where multiple plaintiffs seek to proceed *in forma pauperis*, all plaintiffs must establish their inability to pay the filing fee. *See Baxter v. Atlantic Care Main Pomona Hosp.*, No. 13-7876, 2015 WL 715012, at *2 n.2 (D.N.J. Feb. 19, 2015) (citing *Anderson v. State of California*, No. 10-2216, 2010 WL 4316996 (S.D. Cal. Oct. 27, 2010); *Darden v. Indymac Bancorp, Inc.*, No. 09270, 2009 WL 5206637 (E.D. Cal. Dec. 23, 2009)). Here, Plaintiffs have only submitted a financial affidavit for Plaintiff Banks, and have made no showing that Plaintiff Posner is unable to pay the filing fee. Thus, only Plaintiff Banks is entitled to proceed *in forma pauperis*.

In addition, because Plaintiffs have requested leave to proceed *in forma pauperis*, their allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e). *Banks v. New York Police Department*, No. 15-54, 2015 WL 545865, at *2 (W.D. Pa. Feb. 10,

1

2015). The statute "requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B). "[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Thus, under § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar.17, 2010) (quoting *Price v. Heyrman*, No. 06-632, 2007 WL 188971, at *1 (E.D. Wis. Jan.22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Having thoroughly reviewed Plaintiffs' complaint, this Court *sua sponte* dismisses Plaintiffs' claims because it lacks arguable basis in law and fact and fails to meet the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Specifically, Plaintiffs' complaint, fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. First, Counts 1 and 2 of Plaintiffs' complaint allege "murder and manslaughter" for the deaths of Eric Garner and Michael Brown, respectively. As Magistrate Judge Lenihan wrote with respect to Plaintiffs' attempts to bring similar claims in federal court in Pennsylvania, "Plaintiffs lack authority and standing to bring these charges and Plaintiffs' attempt to do so is both frivolous and malicious." *Banks v. NYPD*, No. 15-54, 2015 WL 545865, at *3 (W.D. Pa. Feb. 10, 2015). Plaintiffs' remaining claims, Counts 4 and 5, allege various conspiracies to violate Plaintiffs' constitutional rights; however, even construing Plaintiffs' complaint liberally, they do not constitute a viable cause of action. (Compl. at 2-5). The Court,

therefore, will dismiss Plaintiffs' Complaint for failure to adhere to Rule 8's pleading requirements.

To the extent that Plaintiffs decide to re-plead their claims, they are hereby advised that each count of a properly pled complaint must contain: (a) its own cause of action against a clearly identified defendant(s), and (b) those particular factual allegations that would allow the court to draw the reasonable inference that said defendant(s) is liable for that particular cause of action. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see, e.g.*, *Anderson v. District Bd. of Trustees of Cent. Florida Cmty. College*, 77 F.3d 364, 366 (11th Cir. 1996) ("Anderson's complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief."). Plaintiffs must also allege facts showing the defendant's actual personal involvement in each of the alleged wrongs. *See, e.g., Smart v. Pa. Pub. Util. Comm'n,* No. 96-3586, 1996 WL 442618, at *4 (E.D. Pa. Aug. 2, 1996) (instructing that a complaint "should clearly identify each defendant, the conduct of each defendant allegedly harming him, and the relief he seeks, setting forth the facts relating to each defendant and to each claim"); *see generally Binsack v. Lackawanna Cnt. Prison,* 438 F. App'x 158, 160 (3d Cir. 2011) (holding that the district court did not abuse its discretion in dismissing complaint for failure to "provide a short and plain statement of each claim against each defendant").

Accordingly, it is on this 11th day of March, 2015, hereby

**ORDERED** that plaintiff Frederick Banks's application to proceed *in forma pauperis* is granted and the Clerk shall file the complaint without prepayment of the filing fee; and it is further

**ORDERED** that the Clerk shall administratively terminate plaintiff Kenneth Posner from

this action for failing to submit a separate application to proceed *in forma pauperis*; Posner may move to join this action or file his own separate action; and it is further

**ORDERED** that the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e); within thirty days from the date this Order is entered, plaintiff Banks may move to reopen this case, attaching to any such motion a proposed amended complaint which addresses the deficiencies of the complaint as stated in the Opinion accompanying this Order; and it is further

**ORDERED** that the Clerk shall serve a copy of the Opinion and Order filed herewith and upon plaintiffs by regular U.S. Mail; and it is further

**ORDERED** that the Clerk mark this case as closed.

**SO ORDERED.**

*/s Esther Salas*
Esther Salas, U.S.D.J.